Argued February 8; affirmed March 13, 1917.

## HAGENBERGER *v.* MILWAUKIE.

(163 Pac. 595.)

**Municipal Corporations—Street Improvements—Assessment.**

1. Where one side only of a street is improved, lots abutting on the other side may not be assessed therefor; the city's charter authorizing assessment only of lots abutting on said improvement, and only for the improvement to the center of the street.

**Quieting Title—"Cloud on Title"—Assessment.**

2. A charge on the docket of city liens, made in proceeding by the city council for assessments, against property not subject thereto, is a cloud on title, which may be removed in suit therefor.

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is a suit by Theodore Hagenberger against the town of Milwaukie, a municipal corporation, and Samuel Riley, marshal of the town of Milwaukie, to remove a cloud from title.   It arises out of an alleged assessment by the town of Milwaukie for the improvement of Front Street in that municipality.   From a decree in favor of the plaintiff the defendants appeal. The facts are stated in the opinion.          AFFIRMED.

For appellants there was a brief over the name of *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. B. G. Skulason.*

For respondent there was a brief with oral arguments by *Mr. Christian Schuebel* and *Mr. Livy Stipp.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The proceedings were initiated January 1, 1913, by filing with the city recorder a petition, signed by some individuals owning property abutting on Front Street, in language as follows:

"The undersigned petitioners do hereby petition your honorable body to improve Front Street from the town limits on the north boundary to the town limits on the south boundary, in the town of Milwaukie, Oregon, by grading the street to the established subgrade, by constructing concrete curbs where the fill does not exceed two feet in depth; by constructing wooden sidewalks five feet in width on that portion of the street south of Washington Street except on the west side of street between the point where said street leaves the track of the O. W. P. Ry. near Madison Street and the south city boundary; by constructing concrete sidewalks six feet in width on that portion of the street north of Washington Street except where the fill exceeds two feet in depth, in which case the sidewalks are to be constructed of wood; by constructing inlets, catch-basins, drains, headers and other incidentals to a proper improvement; by paving the street fifty feet wide between curbs on that portion north of the point where said street leaves the track of the O. W. P. Ry. near Madison Street except on that portion where the fill exceeds two feet in depth in which case macadam is to be used; by paving the street thirty feet in width south of the point where said street leaves the track of the O. W. P. Ry. near Madi-

son Street, said thirty feet being the west half of street, except on that portion of the street where the fill exceeds two feet in depth in which case macadam is to be used; said pavement except where macadam is mentioned to be hard surface not to exceed one dollar and twenty-five cents per square yard, exclusive of grading, curbs, sidewalks, catch-basins, etc.

"It is also desired that the trestle at the south city boundary be filled and that the trestle near Adam Street be replaced with a concrete structure."

The following provisions appear in the charter of the town:

"Section 47. The council, whenever one or more owners of property abutting upon a street or part thereof sought to be improved, petition for any kind of specific improvement for said street or part thereof, is hereby authorized and empowered to order the whole or any part of the street of the city so petitioned for to be improved in accordance with said petition; to levy and collect an assessment upon all lots and parcels of land abutting upon such improvement, to defray the whole or any portion of the costs and expense thereof."

Section 48 requires in substance that whenever the council shall deem it expedient or necessary to improve a street or any part thereof by reason of any petition, as stated in Section 47, it shall first obtain from the city engineer plans, specifications and estimates of the work to be done which if satisfactory to the council it shall approve, and thereupon declare by resolution its purpose of making the improvement, describing it. Provision is made in the charter for posting notice of the intention to improve and for remonstrances against the same. It is said in Section 56:

"The cost of grading and preparing the street or part thereof proposed to be improved, for paving or

macadam, preparing for sidewalks, gutters, etc.‚ shall
be assessed *pro rata* the whole length of the street
or part thereof to be improved in accordance with
the proportion as hereinafter fixed; and the cost of
furnishing the material, and completing the improve-
ment, including street intersections, shall be assessed
to the property in front of which the improvement is
made to the center of the street.''

In Section 50 it is prescribed that:

'' 'Abutting property' shall be construed to mean
between the street and center of the block; in blocks
having an alley parallel with the street 'abutting' shall
mean to the line of the alley nearest the street, and in
tracts not laid out in blocks 'abutting' shall mean
within a line 100 feet back from the street.''

It is required in Section 48 that:

''The improvement of each street, or part thereof,
shall be made under separate proceeding.''

1, 2. It appears in the record that in the plan of
improvement of Front Street, that thoroughfare was
divided longitudinally in front of the plaintiff's prop-
erty and the betterment was confined to the west half
of the street, whereas his property abuts upon the east
side.   Thus it is that within the meaning of Section 47,
*supra,* plaintiff's property does not abut upon the part
of the street sought to be improved and hence is not
liable to an assessment for such an improvement.   It
appears that the council, however, in its subsequent
proceedings attempted to make the plaintiff's realty
respond to an assessment for the improvement of the
opposite side of the street and carried its operation so
far as to enter the charge on the docket of city liens.
As his property is not liable to such an impost in the
proceeding described, the record thus made constitutes

a cloud upon his title which he is entitled to have removed.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.